| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** |
|---|---|
| **PLAINTIFFS** Chase Bank USA, N.A. | **DEFENDANTS** STEFANIE MAE ETHUN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Kelly Gill Esq. McMahon Surovik Suttle P.C. P.O. Box 3679 Abilene, TX 79604 325-676-9183 | **ATTORNEYS** (If Known) THEODORE OHMSTEADE BARTHOLOW JR. ATTORNEY AT LAW 11300 N. CENTRAL EXPWY, STE. 301 DALLAS, TX 75243 972-739-5255 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**Claim for Nondischargeability of Debt pursuant to § 523(a)(2)**

## NATURE OF SUIT
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11- Recovery of money/property - §542 turnover of property
☐ 12- Recovery of money/property - §547 preference
☐ 13- Recovery of money/property - §548 fraudulent transfer
☐ 14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21- Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31- Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41- Objection / Revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51- Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a),(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2) false pretenses, false representation,
    Actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61- Dischargeability - §523(a)(5), domestic support
☐ 68- Dischargeability - §523(a)(6), willful and malicious injury
☐ 63- Dischargeability - §523(a)(8), student loan
☐ 64- Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65- Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71- Injunctive relief – reinstatement of stay
☐ 72- Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91- Declaratory Judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01- Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78AAA *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law. | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $4,026.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTORS<br>STEFANIE MAE ETHUN & BRENT WINSTON ETHUN, SR ||| BANKRUPTCY CASE NO.<br>08-35391 |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN || DIVISIONAL OFFICE<br>DALLAS | NAME OF JUDGE<br>BARBARA J. HOUSER |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>January 15, 2009 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>/s/ Sharon Green |

# INSTRUCTIONS

The filing of the bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is field electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on our court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the name of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Kelly Gill Esq.
McMahon, Surovik, Suttle, P.C.
P.O. Box 3679
Abilene, TX 79604
Phone: 325-676-9183
Fax:  325-676-8836
bkr.kgill@mcmahonlawtx.com

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Stefanie Mae Ethun & Brent Winston Ethun, Sr.,<br><br>　Debtors.<br><br>Chase Bank USA, N.A.,<br><br>　Plaintiff,<br><br>v.<br><br>Stefanie Mae Ethun,<br><br>　Defendant. | Bankruptcy Case No.  08-35391<br><br>Adversary No.<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS
(11 U.S.C. § 523)** |

COMES NOW Plaintiff, by and through its attorney of record, Kelly Gill Esq., to allege and complain as follows:

**I.  PARTIES AND JURISDICTION**

1. Plaintiff is a foreign corporation licensed to do business in the State of Texas with all fees and licenses paid, and otherwise is entitled to bring this action.

2. Defendant filed a Chapter 7 bankruptcy petition on 10/22/2008.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523; this proceeding is a core matter.

4. Plaintiff is a creditor in this bankruptcy proceeding.

## II. CAUSE OF ACTION

5. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

6. Defendant had a charge account with Chase Bank USA, N.A., Account No. XXXXXXXXXXXX1683.

7. Defendant incurred charges and cash advances on this account totaling $9,808.89, including interest, as of 10/22/2008, the date the bankruptcy petition was filed.

8. Between 08/02/2008 and 10/11/2008 Defendant accumulated $4,026.00 in retail charges.

9. $4,026.00 of these transactions were made within the presumption period.

10. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

11. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on the account, Defendant represented an intention to repay the amounts charged.

12. Plaintiff reasonably relied on the representations made by Defendant.

13. Defendant incurred the debts when Defendant had no ability or objective intent to repay them.

14. Defendant obtained credit extended from Plaintiff by false pretenses, false representations and/or actual fraud.

15. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $4,026.00.

16. Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $4,026.00.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $4,026.00, plus accrued interest at the contractual rate from and after 10/22/2008, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED: January 15, 2009

                                    /s/Kelly Gill
                                    Kelly Gill Esq., State Bar # 07921350
                                    Attorney for Plaintiff

STEFANIE MAE ETHUN
08-35391

OWNERSHIP DISCLOSURE STATEMENT

Pursuant to the requirements of Federal Rules of Bankruptcy Procedure 7007.1, Chase Bank USA, National Association, is a wholly owned subsidiary of CMC Holding Delaware, Inc. ("CMC").  CMC is a wholly owned subsidiary of J.P. Morgan Chase & Co.

   /s/  Kelly Gill
Kelly Gill
State Bar No. 07921350
ATTORNEYS FOR CHASE BANK USA, N.A.