Form 240 - Reaffirmation Agreement (10/06)

☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# United States Bankruptcy Court
## Northern District of Texas
## Dallas Division

In re BRENT WINSTON ETHUN, SR. and          Case No. 08-35391-BJH-7
STEPHANIE MAY ETHUN, Debtor(s)              Chapter 7

## REAFFIRMATION AGREEMENT
*(Debtor Represented by Counsel)*

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and          ☒ Part D: Debtor's Statement in Support of
   Notice to Debtor (Pages 1 - 5)                    Reaffirmation Agreement
☒ Part B: Reaffirmation Agreement               ☐ Part E: Motion for Court Approval
☒ Part C: Certification by Debtor's              ☐ Proposed Order Approving Reaffirmation
   Attorney                                         Agreement

Name of Creditor: CITY COUNTY CREDIT UNION OF FT. LAUDERDALE
☒ Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:          $25,741.66

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE
*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. **If the debt is an extension of "credit" under an "open end credit plan,"** as those terms are defined in §103 of the Truth in Lending Act, **such as a credit card**, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____ %.

— *And/Or* —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

| Account Description | Balance | Rate |
|---|---|---|
| 2006 Toyota | $ 25,741.66 | 8.24 % |
|  | $ | % |
|  | $ | % |

b. **If the debt is an extension of credit other than under than an open end credit plan** (such as a promissory note or a retail installment sales contract), the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____ %.

— And/Or —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

| Account Description | Balance | Rate |
|---|---|---|
|  | $ | % |
|  | $ | % |
|  | $ | % |

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

### Purchase Money Security Interests

| Item | Loan No. or Description | Original Purchase Price | Original Amount of Loan |
|---|---|---|---|
| 2006 Toyota | 4 | $25,741.66 | $25,741.66 |
| | | | |
| | | | |

### Non-Purchase Money Security Interests

| Item | Loan No. or Description | Original Loan Amount |
|---|---|---|
| | | |
| | | |
| | | |

### Repayment Schedule:

For credit card accounts and certain other open-end loans, your minimum monthly payment is determined by your account balance, and is disclosed on the statements you receive. For other loans being reaffirmed, your repayment obligations are as follows, and may be subject to change at a later date:

| Loan No. | Payment Amount | Frequency |
|---|---|---|
| 4 - Toyota Loan | $ 529.45 | Monthly |
| | $ | |
| | $ | |

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

*Reaffirming a debt is a serious financial decision.* The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt</u>? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law</u>? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien</u>? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   1. Open-End Credit Plan Advance Request dated September 22, 2006

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

Stephanie May Ethun
(Print Name)

*Stefanie Mae Ethun*
(Signature)

Date: 1/16/09

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date _____

Accepted by Creditor

City County Credit Union of Ft. Lauderdale
(Print Name of Creditor)

1982 N. State Road 7, Margate, FL 33063
(Address of Creditor)

_____
(Signature)

Tom W. Sharp, Attorney for Creditor
(Printed Name and
Title of Individual Signing for Creditor)

Date of Creditor Acceptance:

1/12/09

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY.

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Printed Name of Debtor's Attorney:  Theodore O. Bartholow, Jr.
Bartholow & Bartholow
11300 N. Central Expressway, Ste 301
Dallas, TX 75243

Signature of Debtor's Attorney: _/s/ Tony Bartholow_

Date: 1/16/09

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: /s/
(Debtor)

_____
(Joint Debtor, if any)

Date: _____